IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| EVELENA ANN ROSADO, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CV 124-017 |
| | * | |
| BANK OF AMERICA, NA and THE | * | |
| SECRETARY OF THE UNITED STATES | * | |
| DEPARTMENT OF HOUSING & URBAN | * | |
| DEVELOPMENT, | * | |
| | * | |
| Defendants. | * | |

O R D E R

Before the Court is Plaintiff's motion to remand and for attorney's fees.[1] (Doc. 12.) For the following reasons, Plaintiff's motion to remand is **GRANTED**.

I. BACKGROUND

Plaintiff filed this action in the Superior Court of Columbia County, Georgia on September 23, 2021, seeking a declaratory judgment removing a security deed to real property held by Defendant Bank of America, NA and vesting title in the property in Plaintiff with some restrictions. (Doc. 1-1, at 1, 3.) On August 30, 2023, Plaintiff filed an amended complaint in the Superior

---

[1] Plaintiff also filed a motion for a hearing. (Doc. 20.) Because the Court can resolve the motion to remand without a hearing, Plaintiff's motion for a hearing (Doc. 20) is **DENIED AS MOOT**.

Court of Columbia County that named The Secretary of the United States Department of Housing & Urban Development ("HUD") as a Defendant for the first time. (Doc. 1-2, at 1.) The United States Attorney's Office for the Southern District of Georgia was served with the summons and a copy of the amended complaint on September 22, 2023. (Doc. 1, ¶ 1; Doc. 1-3, at 1.)

On February 5, 2024, HUD filed a "Response of the U.S. Department of Housing and Urban Development and Claim" in the Superior Court of Columbia County. (Doc. 1, ¶ 1; Doc. 1-4, at 1.) The same day, HUD removed the case to this Court pursuant to 28 U.S.C. §§ 1441(a), 1441(c), 1442(a)(1), and 1446. (Doc. 1, at 2.) On February 19, 2024, Plaintiff moved to remand and for attorney's fees. (Doc. 12.) HUD represents it does not oppose Plaintiff's motion to remand but does not address Plaintiff's request for attorney's fees. (Doc. 17, at 1.)

## II. DISCUSSION

The Court first addresses Plaintiff's motion to remand and then turns to the attorney's fees issue.

### A. Remand

HUD removed the case under 28 U.S.C. § 1442(a)(1). (Doc. 1, ¶ 3.) That statute allows any agency or officer of the United States to remove an action against them from state to federal court when the action is "for or relating to any act under color of such

2

office." 28 U.S.C. § 1442(a)(1). "The right of removal 'is made absolute whenever a suit in a state court is for any act "under color" of federal office, regardless of whether the suit could originally have been brought in a federal court.'" Magnin v. Teledyne Cont'l Motors, 91 F.3d 1424, 1427 (11th Cir. 1996) (quoting Willingham v. Morgan, 395 U.S. 402, 406 (1969)). If the prerequisites are met, 28 U.S.C. § 1442(a)(1) "provides an independent federal jurisdictional basis." Id. Plaintiff does not dispute the Court's jurisdiction, but she argues HUD did not timely remove. (Doc. 12, at 2-3.)

Generally, a defendant must remove within thirty days of the date it receives the initial pleading. 28 U.S.C. § 1446(b)(1). When an action is not removable based on the initial pleading, "a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading . . . from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). HUD was not named a Defendant until Plaintiff filed her amended complaint on August 30, 2023, so the thirty-day removal window did not begin until HUD was served Plaintiff's amended complaint on September 22, 2023. (Doc. 1-2, at 1); see 28 U.S.C. § 1442(a)(1). Thus, the deadline for HUD to remove the case was October 22, 2023. See 28 U.S.C. § 1446(b)(3). However, HUD filed its notice of removal on February 5, 2024 — 106 days after the removal deadline. (Doc. 1.)

3

Therefore, HUD's notice of removal was untimely, and this case shall be remanded to the Superior Court of Columbia County.

**B. Attorney's Fees**

Plaintiff also seeks attorney's fees incurred as a result of HUD's untimely removal. (Doc. 12, at 3.) "When a case is remanded due to improper removal, the court may award the plaintiff attorneys' fees and costs." Point Conversion, LLC v. Tropical Paradise Resorts, LLC, 339 F. Supp. 3d 1350, 1358 (S.D. Fla. 2018) (citing 28 U.S.C. § 1447(c)). "A district court's discretion to award attorney's fees on remand is based 'on the reasonableness of removal.'" Clarke v. Brican Corp., No. CV409-155, 2010 WL 11607329, at *4 (S.D. Ga. Sept. 16, 2010) (quoting Martin v. Franklin Cap. Corp., 546 U.S. 132, 141 (2005)). Attorney's fees are appropriate under 28 U.S.C. § 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal." Martin, 546 U.S. at 141. Conversely, if the removing party had an objectively reasonable basis for removal, fees should be denied. Id. (citations omitted).

The Court finds an award of attorney's fees appropriate here. To ascertain whether removal under 28 U.S.C. § 1442(a)(1) was proper, HUD only needed to know whether the action in state court was "against" it. 28 U.S.C. § 1442(a)(1) (authorizing removal of civil cases "against . . . [t]he United States or any agency thereof"). HUD could have made this determination the day it was

4

served Plaintiff's amended complaint and had thirty days thereafter to remove the case. See 28 U.S.C. § 1446(b)(3). However, HUD delayed removing until 106 days later. As a result, the Court finds HUD lacked an objectively reasonable basis for removing, and Plaintiff should be awarded attorney's fees incurred because of HUD's improper removal under 28 U.S.C. § 1447(c). See Martin, 546 U.S. at 141.

To determine a reasonable amount of attorney's fees, the Court uses the lodestar approach, "which values a lawyer's service based on the number of hours expended multiplied by a reasonable hourly rate." Clarke, 2010 WL 11607329, at *4 (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). Plaintiff did not provide the Court with the number of hours expended responding to HUD's removal or her proposed hourly rate. (See Doc. 12.) As a result, the Court cannot determine a proper award of attorney's fees at this time. However, the Court may retain jurisdiction over this matter solely to consider the collateral issue of attorney's fees, even though the case is remanded. Montgomery & Larmoyeux by Montgomery v. Philip Morris, Inc., 19 F. Supp. 2d 1334, 1336 (S.D. Fla. 1998) (finding that "a remand order divests a district court of jurisdiction to reconsider its decision to remand the case" but does not "divest the district court of its jurisdiction to consider the collateral matter of attorney's fees and costs" even after the case has been remanded); see Ware v. Pine State Mortg. Corp., 754

5

F. App'x 831, 833 (11th Cir. 2018) ("[I]t is well established that a federal court may consider collateral issues after an action is no longer pending. For example, district courts may award costs after an action is dismissed for want of jurisdiction." (quoting Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 395 (1990))). Accordingly, Plaintiff is **DIRECTED** to supplement the record with information necessary for the Court to determine a reasonable attorney's fee award, including detailed records of the time spent responding to the removal, and other information the Court needs to complete a Lodestar analysis.

### III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's motion to remand and for attorney's fees (Doc. 12) is **GRANTED**. The Clerk is **DIRECTED** to **REMAND** this case to the Superior Court of Columbia County, Georgia. The Court reserves jurisdiction for the limited purpose of determining what amount of attorney's fees Plaintiff should be awarded. Accordingly, Plaintiff **SHALL FILE** detailed documentation of the attorney's fees incurred because of HUD's untimely removal within **TEN (10) DAYS**.

6

**ORDER ENTERED** at Augusta, Georgia, this 25th day of April, 2024.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA