IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

```
EVELENA ANN ROSADO,              *
                                 *
     Plaintiff,                  *
                                 *
                                 *
     v.                          *       CV 124-017
                                 *
BANK OF AMERICA, NA and THE      *
SECRETARY OF THE UNITED STATES   *
DEPARTMENT OF HOUSING & URBAN    *
DEVELOPMENT,                     *
                                 *
     Defendants.                 *
```

O R D E R

Previously, the Court issued an Order granting Plaintiff's motion to remand and directing Plaintiff to file detailed documentation of the attorney's fees incurred due to the Secretary of the United States Department of Housing & Urban Development's ("HUD") untimely removal. (Doc. 21.) Now before the Court is the affidavit of Plaintiff's counsel, Shellana Welch, detailing those fees. (Doc. 23.) However, for the reasons set forth below, the Court **VACATES** its April 25, 2024 Order to the extent it granted Plaintiff's request for attorney's fees.

## I. BACKGROUND

The pertinent facts of this case are in the Court's April 25, 2024 Order and summarized and supplemented as necessary below. (Doc. 21, at 1-2.)

On February 19, 2024, Plaintiff moved to remand to the Superior Court of Columbia County, Georgia, arguing HUD's removal was defective because it did not remove within the thirty-day window provided in 28 U.S.C. § 1446(b). (Doc. 12, at 2-3.) Because HUD's removal was defective, Plaintiff's motion also requested the Court award her attorney's fees incurred as a result of the improper removal. (Id. at 3-4.) On April 25, 2024, the Court granted Plaintiff's motion, remanded the case to the Superior Court of Columbia County, retained jurisdiction for the sole purpose of considering the collateral issue of attorney's fees, and ordered Plaintiff to file documentation detailing the attorney's fees incurred because of HUD's untimely removal within ten days. (Doc. 21.)

On April 26, 2024, Plaintiff's counsel filed an affidavit with an itemized ledger. (Doc. 23.) On May 2, 2023, HUD responded, arguing, in part, that it is entitled to sovereign immunity against the imposition of attorney's fees. (Doc. 25, at 5-6.) Plaintiff did not reply, and Plaintiff's counsel's affidavit does not address the sovereign immunity issue. (See Doc. 23.)

2

## II. DISCUSSION

HUD argues Plaintiff should not be awarded attorney's fees because it is immune from the imposition of those fees. (Doc. 25, at 5-6.) "The United States has sovereign immunity from lawsuits unless Congress explicitly waives that immunity." City of Pembroke Pines v. F.E.M.A., 494 F. Supp. 3d 1272, 1282 (S.D. Fla. 2020) (citing Lehman v. Nakshian, 453 U.S. 156, 160-161 (1981); Lane v. Pena, 518 U.S. 187, 192 (1996)). Accordingly, a court may not "grant attorney['s] fees and costs against the United States in the absence of a congressional or constitutional waiver of sovereign immunity which grants it the authority to do so." Ewing & Thomas, P.A. v. Heye, 803 F.2d 613, 616 (11th Cir. 1986) (citing Ruckelshaus v. Sierra Club, 463 U.S. 680, 685 (1983)). The Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, operates as a partial waiver of sovereign immunity because it "renders the United States liable for attorney's fees for which it would not otherwise be liable." Ardestani v. I.N.S., 502 U.S. 129, 137 (1991). Because the EAJA is a waiver of sovereign immunity, it "must be strictly construed in favor of the United States." Id. (citations omitted).

> In relevant part, the EAJA provides:
>
> Unless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys, in addition to the costs which may be awarded pursuant to subsection (a), *to the prevailing party* in any civil action brought by or against the United States or any

3

agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award.

28 U.S.C. § 2412(b) (emphasis added). "[A] 'prevailing party' is one who has been awarded some relief by the court; i.e., some court-ordered change in the legal relationship between the plaintiff and the defendant." Morillo-Cedron v. Dist. Dir. for the U.S. Citizenship & Immigration Servs., 452 F.3d 1254, 1257 (11th Cir. 2006) (citing Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res., 532 U.S. 598, 604 (2001); Smalbein ex rel. Est. of Smalbein v. City of Daytona Beach, 353 F.3d 901, 904 (11th Cir. 2003)).

HUD argues Plaintiff is not a prevailing party under the EAJA because the Court's April 25, 2024 Order merely remanded this case to the Superior Court of Columbia County; it did not adjudicate the merits of Plaintiff's claims and, therefore, did not alter the legal relationship between the Parties. (Doc. 25, at 5 (citation omitted).) The Court agrees. The Court remanded this case due to HUD's untimely removal, but it did not render an opinion on, or even address, any of Plaintiff's claims. (See Doc. 21.) As a result, the Court finds Plaintiff is not a "prevailing party" under the EAJA and will vacate its April 25, 2024 Order to the extent it granted Plaintiff an attorney's fees award. See Morillo-Cedron,

4

452 F.3d at 1258 (holding the plaintiffs were not "prevailing parties" under the EAJA because, by "not obtain[ing] relief on the merits of their claim," they "did not obtain a court-ordered change in the legal relationship between them and the Government"). The remainder of the Court's April 25, 2024 Order remains in full effect.

### III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Court's April 25, 2024 Order is **VACATED** only to the extent it granted Plaintiff an award of attorney's fees due to HUD's untimely removal. The Court's April 25, 2024 Order remanding this case to the Superior Court of Columbia County, Georgia still stands. Based on these findings, the request for attorney's fees is **DENIED** and the case stands **CLOSED**.

**ORDER ENTERED** at Augusta, Georgia, this 11th day of June, 2024.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA